IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Valenzuela,<br><br>    Petitioner,<br><br>v.<br><br>Charles L. Ryan et al.,<br><br>    Respondents. | No. CV-14-2469-PHX-SPL (DKD)<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE STEVEN P. LOGAN, U. S. DISTRICT JUDGE:

  Victor Valenzuela filed a Petition for Writ of Habeas Corpus on November 6, 2014, challenging his convictions in Pinal County Superior Court for multiple drug related offenses. His petition argues that he was denied effective assistance of trial counsel because trial counsel failed to adequately inform him of a plea agreement and the risks of going to trial. Respondents contend that Valenzuela's petition should be denied as untimely. As explained below, the Court recommends that Valenzuela's petition be denied and dismissed with prejudice.

**BACKGROUND**

  On July 22, 2010, a jury in Pinal County Superior Court found Valenzuela guilty of three felonies: possession of a dangerous drug for sale, possession of drug paraphernalia, and possession of marijuana. (Doc. 8, Ex. C) On September 8, 2010, the Superior Court sentenced Valenzuela to presumptive, concurrent terms, the longest of which was 10 years. (Doc. 8, Ex. D)

1    Through counsel, Valenzuela timely appealed and argued in that appeal that the
2    State offered improper testimony. (Doc. 8, Ex. E at 7)  At the conclusion of briefing, the
3    Court of Appeals found no error with the State's evidence and affirmed Valenzuela's
4    convictions and sentences on March 23, 2011. (Doc. 8, Exs. F, G, H)  Valenzuela did not
5    move for reconsideration and he did not petition the Arizona Supreme Court for review.
6    (Doc. 8, Ex. I)

7    On April 15, 2011, Valenzuela filed a Notice of Post-Conviction Relief in Pinal
8    County Superior Court. (Doc. 8, Ex. J)  The Superior Court appointed counsel who, on
9    August 12, 2011, stated she could not find any colorable claims. (Doc. 8, Ex. K)  Then
10   the Superior Court appointed a second attorney who, on November 5, 2012, also told the
11   Court that he could not find any colorable claims. (Doc. 8, Ex. L)  Valenzuela then filed
12   a *pro per* petition with the Superior Court raising multiple claims, none of which related
13   to ineffective assistance of trial counsel during plea negotiations. (Doc. 8, Ex. M)  At the
14   conclusion of briefing, the Superior Court dismissed Valenzuela's petition on August 14,
15   2013, after finding that one of his claims lacked merit and the remaining claims could
16   have been raised on direct appeal. (Doc. 8, Exs. N, O, P)

17   On October 7, 2013, Valenzuela signed a petition for review with the Court of
18   Appeals. (Doc. 8, Ex. Q)  The Court of Appeals dismissed the petition as untimely.
19   (Doc. 8, Ex. R)  The Arizona Supreme Court denied his petition for review. (Doc. 8, Ex.
20   S)

21   On April 4, 2014, Valenzuela signed[1] a second Petition of Post-Conviction Relief
22   in Superior Court alleging that he received ineffective assistance of trial counsel during
23   plea negotiations and that various changes in the law applied to his case. (Doc. 8, Ex. T)
24   After the state responded, the Superior Court found that Valenzuela's ineffective
25   assistance of counsel claim was precluded, that the new case law did not apply to him,

---

[1] The Court will assume that Valenzuela's documents were delivered to prison authorities the day they were signed and, thus, will use his signature date, not the filing date, as the operative date for calculating his deadlines. *See Houston v. Lack*, 487 U.S. 266, 270-74 (1988); *Mayer v. State*, 184 Ariz. 242, 244, 908 P.2d 56, 58 (App. 1995); *State v. Rosario*, 195 Ariz. 264, 987 P.2d 226 (App. 1999).

1  and dismissed his post-conviction relief proceedings.  (Doc. 8, Exs. U, V)  Valenzuela filed a petition for review with the Court of Appeals.  (Doc. 8, Ex. W)  After the state responded, the Court of Appeals granted review and denied relief, agreeing with the Superior Court that Valenzuela's ineffective assistance claim was precluded and that the new cases he cited were not significant changes in Arizona law.  (Doc. 8, Ex. Y)  Valenzuela did not move for reconsideration and he did not petition the Arizona Supreme Court for review.  (Doc. 8, Ex. Z)

On October 4, 2014, Valenzuela signed[2] a Petition for Writ of Habeas Corpus in this Court.  (Doc. 1)  His petition argues that his trial counsel provided ineffective assistance of counsel during plea negotiations by failing to adequately convey the benefits of the plea offer and the risks of going to trial.  (Doc. 1)  Respondents contend that Valenzuela's petition is untimely and that he is not entitled to equitable tolling.  (Doc. 8 at 7-9).  The Court agrees and recommends that the petition be denied and dismissed with prejudice.

**Valenzuela's Petition is Untimely.**

A state prisoner seeking federal habeas relief from a state court conviction is required to file the petition within one year of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C.§ 2244(d)(1)(A).  The period of limitations is statutorily tolled during the time in which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in the State courts.  28 U.S.C. § 2244(d)(2).

The Arizona Court of Appeals affirmed the Superior Court's convictions and sentences on March 23, 2011.  Valenzuela did not petition the Arizona Supreme Court for

---

[2] Valenzuela signed his petition on October 4, 2014, it was postmarked on November 4, 2014, and it was filed on November 6, 2014.  (Doc. 1 at 11, Doc. 1-1)  Thus, it appears that the October 4, 2014 signature date was a typographical error.  However, the differences between the signature, postmarked, and filing dates are immaterial to this recommendation because his habeas petition is untimely under all three dates.

review. Thus, Valenzuela's conviction became final when his time to petition the Arizona Supreme Court for review of his direct appeal expired. *See Hemmerle v. Schriro*, 495 F.3d 1069, 1073-74 (9th Cir. 2007) (a direct appeal is final when the time for seeking review of the Court of Appeals decision in the Arizona Supreme Court has expired); *State v. Savage*, 117 Ariz. 535, 573 P.2d 1388 (1978) (applying Arizona Rule of Criminal Procedure 1.3(a)).

Before his conviction became final, Valenzuela filed a timely Notice of Post-Conviction Relief in state court thereby initiating the tolling period of limitations under Section 2244(d)(2). *Isley v. Ariz. Dept. of Corrections*, 383 F.3d 1054, 1055-56 (9th Cir. 2004) ("The language and structure of the Arizona post-conviction rules demonstrate that the proceedings begin with the filing of the Notice."). Valenzuela's tolling continued until his post-conviction proceedings became final on September 18, 2013, the last day Valenzuela could timely petition the Arizona Court of Appeals for review of the Superior Court's dismissal of his post-conviction relief proceedings.[3] *Gonzalez v. Thaler*, 132 S.Ct. 641, 653-54 (2012) (time for seeking review under Section 2244(d)(1)(A)); *Holemen v. Ryan,* 2013 WL 3716603, at *7 (D. Ariz. July 15, 2013) (collecting cases from other circuits concluding that habeas claim is pending until further appellate review is unavailable). Thus, his one year limitations period began the next day, on September 19, 2013, and he was required to file his habeas petition in this court by September 19, 2014. Ariz. R. Crim. P. 1.3, 32.9(c); *Savage*, 573 P.3d at 1389. However, he did not file his habeas petition until November 6, 2014, after his one year period had already expired. Once expired the one year period could not be restarted by filing additional untimely post-conviction relief motions. *Pace v. DiGuglielmo*, 544 U.S. 408, 413 (2005) (no AEDPA tolling for untimely state post-conviction petitions); *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the

---

[3] Respondents assert that Valenzuela's post-conviction relief period became final on August 14, 2013 (Doc. 8 at 8). The difference between this date and the Court's conclusion that it became final on September 18, 2014, is immaterial to this recommendation.

- 4 -

limitations period that has ended before the state petition was filed). Since Valenzuela's second post-conviction relief proceeding was untimely, it did not further toll the one year limitations bar. *Hemmerle*, 495 F.3d at 1072-73. Therefore, as he seems to acknowledge, Valenzuela's habeas petition is untimely. (Doc. 1 at 11)

**Valenzuela is Not Entitled to Equitable Tolling.**

Valenzuela's petition should be denied as untimely unless he can show that he is entitled to equitable tolling. To make such a showing, Valenzuela must demonstrate both that he pursued his rights diligently and that some extraordinary circumstance prevented him from filing his petition. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In his petition and his reply, Valenzuela has not attempted to meet either prong of the equitable tolling test. (Doc. 1 at 6-11; Doc. 9)

Instead, Valenzuela argues that *Martinez v. Ryan*, 132 S.Ct. 1309 (2013), and its progeny should apply to his case and he should be entitled to file a federal habeas petition. (Docs. 1, 9). However, *Martinez* does not address the limitations bar in Section 2244(d)(2) and it does not excuse an untimely federal habeas petition. *E.g., Madueno v. Ryan*, 2014 WL 2094189, at *7 (D. Ariz. May 20, 2014); *Marshall v. Ryan*, 2014 WL 710954, at *5 (D. Ariz. Feb. 25, 2014); *Moreno v. Ryan*, 2014 WL 24151, at *5 (D. Ariz. Jan. 2, 2014). Therefore, the exception cannot apply to Valenzuela's petition and he is not entitled to equitable tolling.

**IT IS THEREFORE RECOMMENDED** that Victor Valenzuela's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice.**

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Failure

1  timely to file objections to the Magistrate Judge's Report and Recommendation may
2  result in the acceptance of the Report and Recommendation by the district court without
3  further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).
4  Failure timely to file objections to any factual determinations of the Magistrate Judge will
5  be considered a waiver of a party's right to appellate review of the findings of fact in an
6  order or judgment entered pursuant to the Magistrate Judge's recommendation. *See* Rule
7  72, Federal Rules of Civil Procedure.
8       Dated this 22nd day of June, 2015.

_____
David K. Duncan
United States Magistrate Judge