IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Victor Valenzuela,<br><br>            Petitioner,<br><br>vs.<br><br>Charles L. Ryan, et al.,<br><br>           Respondents. | No. CV-14-02469-PHX-SPL (DKD)<br><br>**ORDER** |

Petitioner Victor Valenzuela, who is confined in the Arizona State Prison Complex- Kingman, Arizona, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Honorable David K. Duncan, United States Magistrate Judge, issued a Report and Recommendation ("R&R") (Doc. 11), recommending that the petition be denied as untimely. Petitioner has objected to the R&R. (Docs. 12, 13.) For the following reasons, the Court accepts and adopts the R&R, and denies the petition.

**I.     Background**

Following a jury trial in the Pinal County Superior Court, Case No. 2008-01519, Petitioner was found guilty of possession of a dangerous drug for sale, possession of drug paraphernalia, and possession of marijuana. (Doc. 8-1, Exh. C.)[1] On September 8, 2010, Petitioner was sentenced to concurrent terms of incarceration, the longest of which was a 10-year term of imprisonment. (Doc. 8-1, Exh. D.)

---

[1]     The Court assumes the parties' familiarity with underlying facts of conviction which, for the reasons below, need not be reached on habeas review.

On November 6, 2014, Petitioner filed the instant Petition for Writ of Habeas Corpus raising four claims for relief. (Doc. 1.) Respondents filed a limited answer, in which they argue that the petition should be dismissed because the petition is untimely, and as procedurally defaulted and barred in the alternative. (Doc. 8.)

## II. Standard of Review

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge in a habeas case. *See* 28 U.S.C. § 636(b)(1). The Court must undertake a *de novo* review of those portions of the R&R to which specific objections are made. *See id.;* Fed. R. Civ. P. 72(b)(3); *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003). However, a party is not entitled as of right to *de novo* review of evidence and arguments raised for the first time in an objection to the R&R, and whether the Court considers the new facts and arguments presented is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

## III. Discussion

Having reviewed the objected to recommendations *de novo*, the Court finds that the Magistrate Judge correctly concluded that Petitioner's claims are time-barred.

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a State court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Such petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[2] 28 U.S.C. § 2244. The AEDPA imposes a 1-year statute of limitations in which "a person in custody pursuant to the judgment of a State court" can file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1).

### A. Commencement of Limitations Period

Here, the 1-year limitations period began to run when the time for seeking direct review expired. *See* 28 U.S.C. § 2244(d)(1)(A) (the 1-year limitations period runs from

---

[2] The AEDPA applies to federal habeas petitions filed after its effective date, April 24, 1996. *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997).

2

the date on which judgment became final by the conclusion of direct review or the expiration of the time for seeking such review). Following a timely direct appeal, the Arizona Court of Appeals issued its decision affirming Petitioner's convictions on March 23, 2011. (Doc. 8-2, Exh. H.) Petitioner did not file a timely petition for review to the Arizona Supreme Court. (Doc. 8-2, Exh. I.) Therefore, judgment became final on April 23, 2011, when the time for filing a petition for review by the Arizona Supreme Court expired. *See* Ariz. R. Crim. P. 31.19(a) ("Within 30 days after the Court of Appeals issues its decision, any party may file a petition for review with the clerk of the Supreme Court"); *White v. Klitzkie*, 281 F.3d 920, 924, fnt. 4 (9th Cir. 2002) ("it is the decision of the state appellate court, rather than the ministerial act of entry of the mandate, that signals the conclusion of review"). It follows that, absent any tolling, the one-year limitations period would have commenced the following day.

### B.  Statutory Tolling of Limitations Period

Petitioner properly filed a notice of post-conviction relief on April 15, 2011. (Doc. 8-2, Exh. J.) Petitioner's first post-conviction relief proceeding remained pending and statutorily tolled the limitations period until August 14, 2013, when the Superior Court dismissed the petition. (Doc. 8-2, Exh. P.) *See* 28 U.S.C. § 2244(d)(2) (one-year limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending"). Because Petitioner did not *timely* seek review of the petition (*see* Doc. 8-3, Exh. R), no application for post-conviction relief was *pending* following the Superior Court's denial and the limitations period began to run again the following day on August 15, 2013. *See  Evans v. Chavis*, 546 U.S. 189, 191 (2006) (an application for state post-conviction review is "pending" during the period between a lower court's adverse determination and the filing of a *timely* appeal); *Robinson v. Lewis*, 795 F.3d 926, 928-29 (9th Cir. 2015); *Stewart v. Cate,* 757 F.3d 929, 935 (9th Cir. 2014) ("The time between the denial of a petition in a lower… court and the filing of a subsequent petition in the next higher state court does not toll the statute of limitations pursuant to 28 U.S.C. §

2244(d)(2) if the latter petition is not timely filed") (citing *Carey v. Saffold,* 536 U.S. 214, 225 (2002)).[3]

Because Petitioner's second post-conviction relief petition was dismissed as untimely, it was not properly filed and did not toll the limitations period. (Doc. 8-3, Exhs. V, Y); *State v. Valenzuela*, 2014 WL 4629065, at *1 (Ariz. Ct. App. Sept. 16, 2014.[4] *See Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005) ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)"). Thus, unless equitable tolling or an exception applies, the one-year limitations period ran until it expired just short of three months prior to the filing of his federal habeas petition on November 6, 2014.

### C. Equitable Tolling of Limitations Period

The Court finds that the Magistrate Judge also correctly found that Petitioner is not entitled to equitable tolling of the limitations period. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) ("a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" his federal habeas petition (internal quotations omitted)).

Petitioner objects to the R&R on the basis that he received ineffective assistance of counsel and is therefore entitled to equitable tolling pursuant to *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). (Doc. 12, 13.) This argument is without merit. The *equitable* rule in *Martinez* "applies only to the issue of cause to excuse the procedural default of an ineffective assistance of …counsel claim that occurred in a state collateral proceeding"

---

[3] In the R&R, the Magistrate Judge found that the post-conviction petition remained pending until September 18, 2013, the last day on which Petitioner could timely petition review of the Superior Court's dismissal of his post-conviction relief proceeding. However, the Court need not address this difference in calculation as Petitioner has not objected to this finding and the difference between the dates are immaterial to the outcome of this decision.

[4] In dismissing Petitioner's second post-conviction proceedings, both the Superior Court and the Arizona Court of Appeals found that Petitioner had not identified a ground that could be raised in an untimely proceeding. *See* Ariz. R. Crim. P. 32.1(g); 32.4(a).

4

and "has no application to the operation or tolling of the § 2244(d) statute of limitations" for filing federal habeas petitions. *Chavez v. Sec'y, Fla. Dep't of Corr.*, 742 F.3d 940, 943 (11th Cir. 2014) (citing *Arthur v. Thomas*, 739 F.3d 611, 629-631 (11th Cir. 2014)). *See Manning v. Epps,* 688 F.3d 177, 189 (5th Cir. 2012) (*Martinez* does not extend to the statute of limitations period under 28 U.S.C. § 2244(d)(1)(B)); *Madueno v. Ryan*, 2014 WL 2094189, at *7 (D. Ariz. May 20, 2014) ("*Martinez* has no application to the statute of limitations in the AEDPA which governs Petitioner's filing in federal court").

### D. Exception to the Limitations Period

Lastly, Petitioner does not argue, nor does the record show, that the "fundamental miscarriage of justice exception" is applicable and compels review of his time-barred claims. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) ("an actual-innocence gateway claim" may serve as an exception to AEDPA's limitations period) (adopting *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995)).

## IV. Conclusion

Having reviewed the record as a whole, Petitioner's federal habeas claims are time-barred, and his objections are without merit. The R&R will therefore be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 11) is **accepted** and **adopted** by the Court;

2. That the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**;

3. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable; and

/ / /

/ / /

**/ / /**

4. That the Clerk of Court shall **terminate** this action.

Dated this 31st day of August, 2016.

*[signature]*
Honorable Steven P. Logan
United States District Judge

4.    That the Clerk of Court shall **terminate** this action.

Dated this 31st day of August, 2016.

*/s/ Steven P. Logan*
Honorable Steven P. Logan
United States District Judge